UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| AMERICAN LIFE INSURANCE COMPANY OF NEW YORK, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07-4053-CV-C-NKL |
| JIM KARNES, JOHN THOMAS REED, and P.A.K., R.D.S., and J.M.R., Minors | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Pending before the Court is American Life Insurance Company of New York's ("American Life") Motion for Discharge and for Payment [Doc. # 44]. Because the district court may, in its discretion, award costs and reasonable attorneys' fees for properly bringing an interpleader action, the Court will grant American Life's motion for discharge and will award $11,864.53 in costs and attorneys' fees.

**I.     Background**

American Life, a New York corporation whose principal place of business is in Connecticut, brought this interpleader action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335 to resolve its liability for Policy No. 4126120 (the "Policy") which insured the life of Shawnda R. Slote. The amount of the Policy was for $150,000. American Life issued the Policy after receiving an on-line application on October 30, 2004, naming Slote as the

1

insured and owner and Jim Karnes ("Karnes") as the sole beneficiary. *Id.* ¶ 6. Slote suffered a fatal shot through the neck on June 7, 2005, and her death was ruled a homicide. (American Life Mot. ¶¶ 8). On or about June 13, 2006, American Life received a telephone call from the Missouri Department of Insurance, instructing American Life not to process the claim pending the outcome of the investigation into Slote's death. (American Life Mot. ¶ 10). On or about September 7, 2006, American Life received a proof of death claim form from Karnes (Compl., Ex. D). Thereafter, Slote's widower, John Thomas Reed, claimed benefits under the policy. (Compl. ¶ 14).

American Life interpleads Defendant Karnes, Defendant Reed and Slote's three minor children. Reed and Slote's minor children are residents of Missouri. (American Life Mot. ¶ 1). Karnes is either a resident of Missouri or Illinois.[1] Karnes and Reed are "persons of interest" in Slote's homicide. *Id.* ¶ 13. Karnes argues that he is a "person of interest" only because he took out the life insurance policy as Slote's mortgage holder and the premiums were included in Slote's mortgage payments. (Karnes Answer ¶¶ 15-16). Karnes argues that American Life has refused to pay the claim in bad faith as it has "failed to plead facts which disqualify Jim Karnes as beneficiary." *Id.* ¶ 31.

After Karnes made a claim against the Policy, American Life asserted the potential applicability of Missouri's Slayer Law which prohibits a life insurance beneficiary from receiving policy proceeds if he or she intentionally causes the death of the insured.

---

[1] Karnes claims that he is a Missouri resident. American Life claims that "upon information and belief" Karnes resides in Illinois and is a citizen of either Illinois or Missouri.

*Wunsch v. Sun Life Assurance Company of Canada*, 92 S.W.3d 146, 154 (Mo. Ct. App. 2003). American Life now seeks the Court's judgment to declare it a disinterested stakeholder entitled to interpleader relief, including dismissal from the case and award of actual court costs and attorneys' fees paid from the Policy proceeds. Karnes objects to American Life's request for discharge, as well as any award of attorneys' fees and costs. Karnes claims that American Life's statement of costs and attorneys' fees charges for routine business expenses incurred by insurance companies in processing benefit claims; exaggerates the proper hourly rate for such work; includes unnecessary work performed to "enlarge the bill"; and, Rule 22 does not expressly provide for the payment of costs and attorneys' fees. (Karnes Brief ¶ 1).

On July 16, 2007, American Life deposited $ 178,246.28 with this Court, which represented the disputed benefits, plus interest. American Life subsequently made a proper motion to be discharged. American Life further asked to recover from the amount deposited with the Court its "costs and reasonable attorney's fees," which amounted to $518.29 and $24,445.50, respectively. (American Life Mot. ¶¶ 47-48). Attached to the motion to discharge was the affidavit of Matthew S. Shorey, detailing the attorney's fee request.

## II. Discussion

### A. Rule Interpleader

Since Karnes's citizenship cannot be established on the pleadings, and he may be a citizen of Missouri, American Life has not established that the adverse claimants are of

3

Case 2:07-cv-04053-NKL   Document 72   Filed 12/11/07   Page 3 of 7

diverse citizenship. Therefore, there is no jurisdiction for statutory interpleader on the face of American Life's complaint. *See* 28 U.S.C. §§ 1335.

This interpleader action therefore arises under Fed. R. Civ. P. 22 which states:

(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

(2) The remedy herein provided is in addition to and in no way supersedes or limits the remedy provided by Title 28, U.S.C., §§ 1335, 1397, and 2361. Actions under those provisions shall be conducted in accordance with these rules.

"Rule interpleader" is intended to be "in addition to" statutory interpleader and in no way "supersedes or limits" remedies provided under statutory interpleader. Although Rule 22, which covers interpleader actions, does not provide for awarding costs or attorney's fees, federal district courts have followed the traditional equity rule that gives the trial court discretion to allow a disinterested stakeholder to recover costs and attorney's fees from the stake itself. *Millers Mut. Ins. Assoc. v. Wassall*, 738 F.2d 302, 304 (8th Cir. 1984); 4 James Wm. Moore, Moore's Federal Practice, § 22.06 at 22-98 (3rd ed. 2002).

### B. American Life is Properly Discharged

Interpleader allows a stakeholder to bring an action joining two or more adverse claimants to a single fund. *In re Mandalay Shores Co-op. Housing Ass'n, Inc.,* 21 F.3d

380, 383 (11th Cir. 1994). Interpleader is proper where a disinterested stakeholder interpleads "the entire amount of available money into court and abide[s] by the court's decision" in order to "be relieved of vexation and the expense of resisting a multiplicity of lawsuits . . ." *Underwriters at Lloyd's v. Nichols*, 363 F.2d 357, 362 (8th Cir. 1966); *Nat'l Life & Accident Ins. Co. v. Bruce,* 309 F. Supp. 1314 (W.D. Mo. 1970). *See also* 4 James Wm. Moore, Moore's Federal Practice, § 22.06 at 22-104 (3rd ed. 2002). Because American Life has interpled the entire amount due under the Policy,[2] and the Policy proceeds are subject to adverse claims, American Life is properly discharged.

### C. Reasonable Attorneys' Fees and Costs

American Life is not, as it claims, entitled as a matter of course to costs and attorneys' fees. The court's "authority to make an award is discretionary; there is no right for the stakeholder to recover costs and attorney's fees." *Id.* at 22-102; *see also General Am. Life Ins. Co. v. Wiest*, 567 S.W.2d 341, 345 n.1 (Mo. Ct. App. 1978). Furthermore, award of costs and attorneys' fees is not proper for normal, routine processing of insurance policies. *See* 4 James Wm. Moore, Moore's Federal Practice, § 22.06 at 22-103 (3rd ed. 2002); *Aetna U.S. Healthcare v. Higgs*, 962 F. Supp. 1412, 1414 (D. Kan. 1997); *Companion Life Ins. Co. v. Schaffer*, 442 F. Supp. 826, 830 (S.D.N.Y.1977); *Travelers Indemnity Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965) ("We are not impressed with

---

[2]Because American Life reasonably relied on Missouri's Slayer Law to withhold payment and instead filed this interpleader action, there is no evidence that anything more than the face value of the Policy, plus interest, is due.

5

the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to their insureds by bringing an action for interpleader."). Also, the fees awarded must not significantly diminish the value of the asset. *See Primerica Life Ins. Co. v. Walden,* 170 F. Supp. 2d 1195, 1199-1200 (S.D. Ala. 2001) (finding less than one percent of total stake to be reasonable.); *Unum Life In. Co. of Am. v. Kaleo,* 2006 U.S. Dist. LEXIS 32756 (M.D. Fla. May 24, 2006) (finding an award of $6,698 from a $40,000 fund would "greatly diminish the value of the asset.").

While American Life is entitled to an award of costs and attorneys' fees, the Court concludes that its request for nearly $25,000 is excessive. The Court will award American life $200 per hour for time entries related to bringing this interpleader action but not for entries related to routine processing of insurance claims. The rate of $200 per hour is at the upper range of reasonableness for such services in Mid-Missouri. The Court also finds instructive the proportion between the value of interpleaded policies and attorney fees which have been awarded in prior Missouri cases. *See Postal Life & Casualty Ins. Co. v. Tillman*, 287 S.W.2d 121, 125 (Mo. Ct. App. 1956) (04.6%). *National Life & Accident Ins. Co. v. Lay*, 39 S.W.2d 1070, 1072 (Mo. Ct. App. 1931) (07.48%); *Christian v. National Life Ins. Co.*, 62 Mo. App. 35, 36 (Mo. Ct. App. 1895) (01.23%).

After reviewing all relevant affidavits and billing statements, the Court concludes that American Life's counsel spent 56.9 hours on this interpleader action resulting in an

allowable award of $11,380.00 in attorneys' fees plus $484.53 in costs. American Life seeks $24,445.50 in attorneys' fees and $518.29 from a total stake of $178,246.28. This amount, at 14% of the total stake, exceeds a "reasonable" attorney fee. The Court, therefore, awards American Life $11,864.53.

### III. Conclusion

Accordingly, it is hereby

ORDERED that American Life's Motion for Discharge and Payment [Doc. # 44] is GRANTED. The Clerk of Court is directed to pay to American Life the total amount of $11,864.53, for costs and attorneys' fees.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: December 11, 2007
Jefferson City, Missouri

7