IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMERICAN LIFE INSURANCE COMPANY OF NEW YORK, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 07-4053 -CV-C-NKL<br>) |
| JIM KARNES, JOHN THOMAS REED, and P.A.K., R.D.S., and J.M.R., Minors, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

ON THE 23rd day of May, 2008, defendant Jim Karnes appeared in person and by counsel, Virgil D. Rogers, II; defendant John T. Reed appeared in person and by counsel, William P. Nacy; infant defendant John Michael Reed appeared by his guardian Christiane Zornes and by counsel, F. Randall Waltz, III; and infant defendants Pearl Ann Kmiec and Ray Daniel Slote appeared by their guardian Judith Ann Slote and by their counsel, F. Randall Waltz, III. Pending before the Court is infant defendants Pearl Ann Kmiec, Ray Daniel Slote and John Michael Reeds' motion for an Order approving the settlement agreement in this cause entered of record before the Honorable William Knox on April 23, 2008, as thereafter reduced to writing and received into evidence on May 23, 2008.

## I.
### Background and Jurisdiction

1. This Court has original jurisdiction over this action, pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1332, in that the amount in controversy exceeded $75,000, exclusive of interest and costs.

-1-

2. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1391(a), in that it is the judicial district where one or more of the defendants reside, and all defendants reside in the State of Missouri.

3. The underlying case is an interpleader action filed by plaintiff American Life Insurance Company of New York to determine the rightful owner(s) of a $150,000.00 life insurance proceeds (hereafter referred to as the "Policy") on the life of Shawnda R. Slote Reed, deceased by homicide on or about June 7, 2005, in Callaway County, Missouri; and who died *in testate*.

4. On or about late July, 2007, plaintiff deposited the sum of $178,246.28 into the Registry of this Court pursuant to an Order from the Court dated July 16, 2007, which amount was to be placed into an interest bearing money market account by the Clerk of this Court. These funds represent the proceeds of the policy at issue in this cause, plus interest through July 10, 2007.

5. The settlement agreement is that defendants Jim Karnes, John Thomas Reed, Pearl Ann Kmiec, Ray Daniel Slote and John Michael Reed shall each receive and be paid one-fifth (20%) of the money referred to in paragraph 1. above, as remains after plaintiff's Court allowed attorney's fees and expenses in the amount of $11,864.53 per the Court's Order dated December 11, 2007, are first deducted and paid.

6. Infant defendants/cross-claimants Pearl Ann Kmiec (born September 24, 1996); Ray Daniel Slote (born April 29, 1998); and John Michael Reed (born June 17, 1999) are the only children of Shawnda R. Slote Reed, deceased. Judith A. Slote, of Cole County, Missouri, is the duly appointed guardian of infant defendants Pearl Ann Kmiec and Ray Daniel Slote pursuant to Order of the Circuit Court of Cole County, Missouri, Probate Division, in Case Number 05AC-PR00231. Christiane Zornes, of Pulaski County, Missouri, is the duly appointed guardian of infant defendant John Michael Reed pursuant to Order of the Circuit Court of Pulaski County, Missouri, Probate

Division, in Case Number 25P05060093P. Defendant

7. Defendant Jim Karnes, a/k/a James Paul Karnes, is a resident of Moniteau Country, Missouri residing at 43332 Oakridge Rd, Russellville, MO 65074.

8. Defendant John Thomas Reed is currently a resident of Pulaski County, Missouri residing in the St. Roberts/Waynesville area.

9. Defendant Karnes was the named beneficiary for the life insurance proceeds paid by the policy referred to in paragraphs 3. and 4. above.

10. Defendant John Thomas Reed is the widower of Shawnda R. Slote Reed.

11. The $150,000.00 policy with plaintiff American Life Insurance Company of New York on the life of Shawnda R. Slote Reed named defendant Karnes as the beneficiary. Same was related to a somewhat convoluted real estate transaction wherein defendant John Thomas Reed and allegedly his deceased wife Shawnda R. Slote Reed, were buying a house and lot located at 414 Tanglewood Way, Fulton, Callaway County, Missouri from an individual named William Christopher "Chris" Niemet, which real property was actually owned solely by defendant Karnes at the time.

12. Defendant Karnes alleged that he and Mr. Niemet were partners in the real property known as 414 Tanglewood Way, Fulton, Callaway County, however, there is nothing of record with the Callaway County Recorder of Deeds office indicating that anyone other than defendant Karnes had any ownership interest in said real property at any time herein relevant.

13. It was the disputed contention of the infant defendants that the only insurable interest defendant Karnes had in the life of Shawnda R. Slote Reed was that of "Mortgage Holder" as alleged by him in his "Proof of Death Claim Form" dated September 7, 2006, a copy of which was attached to plaintiff's Complaint as Exhibit D, and this was allegedly admitted by defendant Karnes at his

-3-

Case 2:07-cv-04053-NKL   Document 89   Filed 05/23/08   Page 3 of 7

deposition. It was infant defendants further contention that there was no balance due defendant Karnes on the real property in question and, therefore, that Karnes had no insurable interest. It was also the contentions of the infant defendants: that at no time did their deceased mother Shawnda R. Slote Reed participate in the alleged purchase of the real property involved; that she never signed any documents of purchase for said property; that she had nothing to do with taking out the life insurance policies on her life; that she never paid anything towards the premiums on said policies; that she never even knew about the life insurance policies taken out on her life; and that she never had any friendship or other relationship with defendant Karnes giving him an insurable interest in her life.

14. Had defendant Karnes been disqualified from receiving all or any portion of the proceeds of the Policy, the policy proceeds would belong to the heirs of Shawnda R. Slote Reed.

15. Defendant John Thomas Reed's legal interest in the proceeds of the Policy was that of being the surviving spouse. Under the Missouri law of intestate succession as contained in § 474.010.(1), (c), RSMo. (2000), General Rules of Descent, he would have been entitled to one-half of the intestate estate if there are surviving issue, one or more of whom are not issue of the surviving spouse; and defendants/cross-claimants Pearl Ann Kmiec; Ray Daniel Slote; and John Michael Reed are entitled to the other half pursuant to § 474.010.(2), (a), RSMo. (2000).

16. It was the infant defendants' contention that defendant John Thomas Reed (the father of infant defendant John Michael Reed) engaged in a conspiracy with others to cause the death of Shawnda R. Slote Reed, and therefore defendant John Thomas Reed was not eligible to receive any portion of the estate of Shawnda R. Slote Reed pursuant to the Missouri Slayers Rule.

## II
## Findings

17.  The burden of proving the various parties contentions and beliefs at trial would have been by a preponderance of the evidence.

18.  The parties recognized that a compromise and settlement was in each of their best interests because, while there may have been extant evidence and law supporting each of their beliefs, each believed based upon several factors there was no certainty of prevailing to the exclusion of the other defendants.

19.  The guardians for the infant defendants have exercised due diligence on behalf of their wards, and it is the considered belief of the guardians for the infant defendants that the settlement agreement is in their best interests and should be approved.

20.  The settlement agreement is that defendants Jim Karnes, John Thomas Reed, Pearl Ann Kmiec, Ray Daniel Slote and John Michael Reed shall each receive and be paid one-fifth (20%) of the money referred to in paragraph 4. above, as remains after plaintiff's attorney's fees and expenses in the amount of $11,864.53 per the Court's Order dated December 11, 2007, are first deducted and paid; and that each defendant would pay their own costs and attorney's fees.

21.  The settlement agreement is fair and not unconscionable.

22.  The infant defendants' attorneys fees to attorney F. Randall Waltz, III and the law firm of Waltz and Associates of Jefferson City, Missouri are subject to approval by this Court; as well as by the Probate Court of Pulaski County, Missouri in the case of infant defendant John Michael Reed and by the Cole County Probate Court in the case of infant defendants Pearl Ann Kmiec and Ray Daniel Slote.

23.  The *ex parte* application of attorney F. Randall Waltz, III for an Order approving his attorney's fees and expenses on behalf of the infant defendants is approved by separate Order.

# III.
# Conclusion

Accordingly, it is hereby ORDERED that:

1. The Clerk of Court is directed, if same has not already been paid, to pay from the interest bearing money market account referred to in paragraph 4. above the total amount of $11,864.53 to plaintiff American Life for its costs and attorneys' fees by preparing a check in that amount made payable to "AMERICAN LIFE INS. CO. OF N.Y. and Armstrong Teasdale. LLP" and mailing same to:

>Mr. Clark H. Cole, Esq.
>Armstrong Teasdale, L.L.P.
>One Metropolitan Square, Suite 2600
>St. Louis, Missouri 63102-2740

2. The Clerk of Court is then directed to pay one-fifth (20%) to each of the five defendants of the amount in the interest bearing money market account referred to in paragraph 4., as follows:

    a. The check for defendant Jim Karnes shall be made payable to: "Jim Karnes and Virgil D. Rogers, II" and mailed to:

    >Mr. Virgil D. Rogers, II, Esq.
    >Attorney at Law
    >P.O. Drawer D
    >Tipton, MO 65081

    b. The check for defendant John Thomas Reed shall be made payable to: "John T. Reed and Hanrahan & Trapp, P.C." and mailed to:

    >Mr. William P. Nacy, Esq.
    >Hanrahan & Trapp, P.C.
    >522 East Capitol Ave.
    >P.O. Box 362
    >Jefferson City, MO 65101-0362

c. The check for infant defendant John Michael Reed shall be made payable to: "Christiane Zornes as Conservator for John M. Reed, a minor, and F. Randall Waltz, III."

d. The check for infant defendant Pearl Ann Kmiec shall be made payable to: "Judith A. Slote as Conservator for Pearl A. Kmiec, a minor, and F. Randall Waltz, III."

e. The check for infant defendant Ray Daniel Slote shall be made payable to: Judith A. Slote as Conservator for Ray D. Slote , a minor, and F. Randall Waltz, III."

f. All three checks for the infant defendants shall be mailed to:

> Mr. F. Randall Waltz, III, Esq.
> Waltz & Associates
> 308 E High St, Suite 302
> Jefferson City, MO 65101-3237

**IT IS SO ORDERED**

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 23, 2008
Jefferson City, Missouri